**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JAMES EDWARD RANDOLPH, a/k/a
Main,
Defendant-Appellant.

No. 96-4168

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-407)

Submitted: March 13, 1997

Decided: March 24, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James C. Anders, Columbia, South Carolina, for Appellant. Sean Kittrell, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Randolph appeals his conviction and sentence on a guilty plea for conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 1996). Randolph's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising several issues relating to Randolph's Fed. R. Crim. P. 11 hearing and sentence, but concluding that there are no meritorious grounds for appeal. Specifically, counsel alleged that: (1) the district judge erred in not fully informing Randolph of his rights at his Rule 11 hearing; (2) Randolph's sentence was imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines; (3) Randolph was incorrectly sentenced pursuant to the guidelines established for crack cocaine instead of some other form of cocaine; and (4) Randolph was improperly denied a downward departure relative to his classification as a career offender.

Randolph was notified of his right to file an additional brief, which he did. In his pro se brief, Randolph claims that his conviction and sentence should be overturned because no cocaine was observed by law enforcement agents, and no cocaine was produced by the Government at trial.

In accordance with the requirements of <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. The district court complied with all of the requirements of Fed. R. Crim. P. 11, fully informing Randolph of his rights and the consequences of a guilty plea. Any variance in the language used by the district court at the Rule 11 hearing resulted in, at most, harmless error. Further, Randolph was competent to enter the plea. The Government provided a factual basis for the plea. We are satisfied that Randolph received the benefit of all protections to which he was entitled, and find no basis for questioning the voluntary and intelligent nature of the plea. <u>See generally Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). We further find that Randolph's sentence, and the application of the Sentencing Guidelines to his sentence, were proper and consistent with statutory and constitutional law. Finally, we conclude that the claims Randolph raised pro se are without merit.

2

This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We deny Randolph's motion to relieve his court appointed attorney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3